UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Henry Yunior Rubiera Cruz

      v.

Chris Brackett, Superintendent of
Stafford County House of Corrections,
et al.

Case No. 1:23-cv-00525-PB-AJ
Opinion No. 2024 DNH 047

MEMORANDUM AND ORDER

The petitioner in this habeas corpus case is a noncitizen who has been
detained for more than a year and a half while he undergoes removal
proceedings. He argues that his continued detention violates his due process
rights under the Fifth Amendment, and he seeks immediate release or, in the
alternative, a bond hearing before an immigration judge (IJ). The
government recently offered the petitioner a bond hearing in exchange for the
dismissal of his petition, but the petitioner rejected the offer. The government
now moves to dismiss the petition as moot (Doc. 12).

I.      BACKGROUND

Henry Yunior Rubiera Cruz is a twenty-five-year-old citizen of the
Dominican Republic who was admitted to the United States as a lawful
permanent resident in 2009. Doc. 1 at 5, 9. In 2017, he was convicted of
armed robbery and sentenced to three to four years in Massachusetts state

prison. Doc. 1-1 at 34. Based on this conviction, the Department of Homeland Security initiated removal proceedings to return him to the Dominican Republic. Id. at 32-34, 36-39 (charging Rubiera Cruz with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), which authorizes the deportation of noncitizens convicted of aggravated felonies). After completing his criminal sentence in October 2022, Rubiera Cruz was transferred to an immigration detention center in New Hampshire, where he remains pending his ongoing removal proceedings. Doc. 1 at 2 (explaining that Rubiera Cruz is detained pursuant to 8 U.S.C. § 1226(c), which requires that noncitizens with certain criminal convictions be detained upon their release from prison); see Doc. 1-1 at 39.

In November 2023, Rubiera Cruz filed a petition for a writ of habeas corpus with this court, seeking his immediate release or, at a minimum, a bond hearing before an IJ. Doc. 1. He argues that his continued detention violates his Fifth Amendment due process rights because it is unreasonably prolonged or, alternatively, because the government cannot adequately protect his physical and mental health—both of which have worsened considerably since he has been detained. Doc. 1 at 15-29, 44-45. He also asserts that his continued detention violates section 504 of the Rehabilitation Act of 1973 and the Administrative Procedure Act. Id. at 28-46.

In January 2024, the government contacted Rubiera Cruz's attorneys and offered to conduct a bond hearing in exchange for Rubiera Cruz's

stipulation to the dismissal of his habeas petition. Doc. 12-1 at 1. Rubiera

Cruz rejected the offer and explained that "dismissal of the habeas [petition]

would be an option only if there were agreement to release him from

detention and/or to a reasonable bond amount given his serious medical and

mental health concerns." Id. at 8. Shortly thereafter, the government moved

to dismiss Rubiera Cruz's due process claims as moot.[1] Doc. 12.

## II.   STANDARD OF REVIEW

When a federal court's subject matter jurisdiction is challenged on

mootness grounds under Rule 12(b)(1), the burden "rests squarely on the

party raising" the doctrine, and "[t]he burden is a heavy one." Mangual v.

Rotger-Sabat, 317 F.3d 45, 60 (1st Cir. 2003) (quoting United States v. W.T.

Grant Co., 345 U.S. 629, 633 (1953)); see also Connectu LLC v. Zuckerberg,

522 F.3d 82, 88 (1st Cir. 2008) (noting that "the burden of establishing

mootness rests with the party urging dismissal"). In determining whether the

court lacks subject matter jurisdiction, I must "take as true all well-pleaded

facts" and "draw all reasonable inferences" in the plaintiff's favor. Fothergill

v. United States, 566 F.3d 248, 251 (1st Cir. 2009). I may also consider

---

[1]      Although the government fails to cite any specific provision of Federal
Rule of Civil Procedure 12(b), motions to dismiss for mootness are generally
considered jurisdictional challenges under Rule 12(b)(1). See, e.g., In re Fin.
Oversight & Mgmt. Bd. for P.R., 979 F.3d 10, 15 (1st Cir. 2020); Valentin v.
Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). I review the motion
accordingly.

extrinsic evidence, such as exhibits and depositions, without converting the motion to dismiss into one for summary judgment. See Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011); Pitroff v. United States, 2017 DNH 158, 2017 WL 3614436, at *3 (D.N.H. Aug. 22, 2017).

## III.   ANALYSIS

"[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" Chafin v. Chafin, 568 U.S. 165, 172 (2013) (quoting Knox v. Serv. Emps. Int'l Union, 567 U.S. 298, 307 (2012)). Here, the government argues that by "agree[ing] to conduct a bond hearing," it has provided Rubiera Cruz with his sought-after relief, thereby eliminating any "legally cognizable interest that this Court can remedy" and mooting his case. Doc. 12 at 7. I find this argument unavailing.

The Supreme Court has held that an unaccepted settlement offer "cannot moot a case." Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 162 (2016). This is because, "[a]bsent [the plaintiff's] acceptance, [the defendant's] settlement offer remain[s] only a proposal, binding neither [party]." Id. at 163. If the plaintiff "rejects [the] offer—however good the terms—[his] interest in the lawsuit remains just what it was before. And so too does the court's ability to grant [him] relief." Id. (quoting Gensis Healthcare Corp. v. Symczyk, 569 U.S. 66, 81 (2013) (Kagan, J., dissenting)). In other words, the

rejected offer is "a legal nullity, with no operative effect." Id. (quoting Gensis Healthcare Corp., 569 U.S. at 81 (Kagan, J., dissenting)).

Here, Rubiera Cruz petitioned this court for his immediate release or, alternatively, a bond hearing before an IJ. The government, in turn, offered him a bond hearing. But because the terms of the offer fell short of granting his immediate release and was expressly conditioned on him abandoning his pending constitutional and statutory claims, Rubiera Cruz rejected the proffered agreement, which has "no continuing efficacy." Id. Accordingly, an actual controversy over Rubiera Cruz's rights remains, and his case is not moot.

The government acknowledges that Rubiera Cruz rejected its offer but nevertheless argues that his refusal is "irrelevant" because it offered him the "only remedy" available for prolonged detention—a bond hearing. Doc. 12 at 7. But this argument, as Rubiera Cruz correctly notes, "confuses mootness with the merits." Doc. 14 at 7.

A case is not rendered moot simply because the defendant asserts that that the plaintiff's primary claim for relief—here, immediate release—is meritless. See Chafin, 568 U.S. at 174 (rejecting a mootness argument that turned on the "meaning of" the applicable law or "the legal availability of a certain kind of relief"). Rather, as long as a plaintiff's claim is not "so implausible that it is insufficient to preserve jurisdiction," the "prospects of

success are . . . not pertinent to the mootness inquiry." Id.; see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (explaining that "jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action on which [the] petitioners could actually recover" but rather only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous") (cleaned up).

And here, Rubiera Cruz's claim for his immediate release is not so insubstantial or frivolous as to deprive this court of jurisdiction. In arguing that the only remedy available to Rubiera Cruz is a bond hearing before an IJ, not immediate release, the government fails to cite any precedent binding on this court.[2] Nor have I identified any.

The government is, of course, free to engage on the merits of Rubiera Cruz's claims and challenge whether he has a constitutional right to immediate release or whether his due process rights are satisfied by a bond hearing before an IJ. But it must do so in a motion for summary judgment,

---

[2]     The government cites Jennings v. Rodriguez, 583 U.S. 281 (2018) in support of its argument, but in doing so, it misconstrues Jennings and misattributes the Court's summation of the text of § 1226(c) to its holding. Doc. 15-1 at 7. In fact, Jennings was a statutory interpretation case that declined to reach the constitutional question of what, if anything, the Due Process Clause requires in cases of prolonged detention under § 1226(c). 583 U.S. at 312-13.

not under the "guise" of mootness. Bais Yaakov of Spring Valley v. ACT, Inc.,
798 F.3d 46, 53 (1st Cir. 2015).

IV.   <u>CONCLUSION</u>

For the aforementioned reasons, the government's motion to dismiss
(Doc. 12) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

June 12, 2024

cc:    Counsel of Record

7